IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel T. Campbell, ) | Case No.: 0:23-cv-1111-JD-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Jansen, Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 19.) Petitioner Deniel Campbell ("Petitioner" or "Campbell") is a prisoner in the custody of the Federal Bureau of Prisons (BOP). Campbell, proceeding *pro se*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Warden Jansen, FCI Edgefield ("Respondent" or "Warden"), alleging the BOP is wrongfully treating his 18 U.S.C. § 924(c) conviction as a crime of violence and, therefore, denying him the use of earned time credits under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).[2] Petitioner also claims the BOP is wrongfully denying him the use of earned time credits because of a detainer from Immigration and Customs Enforcement (ICE). (DE 1)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] In 2010, Petitioner was sentenced in the United States District Court for the Middle District of Florida to 248 months imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

1

On June 21, 2023, Respondent filed a Motion to Dismiss, or for Summary Judgment, arguing (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is ineligible to receive time credits under the First Step Act. (DE 14 pp. 4-7.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 14.) Petitioner filed a response in opposition (DE 17), and Respondent filed a reply (DE 18).

The Report was issued on September 6, 2023, recommending Respondent's motion be granted, and the Petition dismissed for failure to exhaust administrative remedies. (DE 19.) Petitioner has not objected to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record. Therefore, the Court adopts the Report (DE 19) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss is granted and Campbell's Petition is dismissed for failure to exhaust administrative remedies. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 6, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3